IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN A. FRENCH, JR.,

                         Plaintiff,                        OPINION AND ORDER

    v.

                                                        19-cv-932-slc

CHRIS BUESGEN, SANDRA ENDER,
ANTHONY HENTZ, TAMMY MAASSEN,
LIZZIE TEGELS, and LILY LIU,

                         Defendants.

       *Pro se* plaintiff John French, a prisoner currently incarcerated at Columbia Correctional Institution (Columbia), is proceeding in this civil action against Dr. Lily Liu, Tammy Maassen, Anthony Hentz, Sandra Ender, Lizzie Tegels, and Chris Buesgen, on constitutional claims challenging his medical care at Jackson Correctional Institution (Jackson) from 2019.   Defendants Maassen, Hentz, Ender, Tegels, and Buesgen, represented together by the Wisconsin Department of Justice and hereinafter "the State Defendants," have filed a motion for summary judgment on the ground that French failed to exhaust his administrative remedies with respect to all but two of his Eighth Amendment claims.  (Dkt. 29.)  Defendant Dr. Liu seeks judgment in her favor with respect to French's only claim against her, on the same ground.  (Dkt. 32.)  Also, French has filed a motion to compel.  (Dkt. 40.)  For the reasons that follow, I am granting Liu's motion, granting in part and denying in part the State Defendants' motion, and denying French's motion.

OPINION

## I.    Exhaustion Motions

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Generally, to comply with § 1997e(a), a prisoner must also "properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case.  *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement."  *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).  Furthermore, inmates are required to exhaust only those administrative remedies that are available to him, and administrative remedies become "unavailable" to prisoners when prison officials fail to respond to a properly filed

2

grievance.  *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

In Wisconsin, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint.  Wis. Admin. Code § DOC 310.07.[1]  The inmate complaint must "clearly identify the issue" that the inmate seeks to raise.  *Id.* § 310.07(5).

Once the offender complaint reaches the appropriate reviewing authority, a decision is rendered.  If the decision is unfavorable to the inmate, the inmate may appeal to the corrections complaint examiner (CCE).  *Id.* § 310.12(1).  Appeals to the CCE must be made within fourteen days, unless good cause is shown for untimely filing.  *Id.* § 310.12 (6).  The CCE then makes a recommendation to the Secretary of the Department of Corrections, who will take final action on the complaint.  *Id.* § 310.13.

French is proceeding against defendants on the following claims related to his medical care at Jackson Correctional Institution (Jackson):

> **Claim 1:**  On March 12, 2019, Maassen failed to respond to a grievance in which French asked for a second opinion and medical attention for his severe cardiac issues, COPD, seizures, lung cancer, and diabetes.
>
> **Claim 2:**  On March 20, 2019, French met with Dr. Liu for a diabetes foot examination.  Dr. Liu allegedly failed to prescribe French medication to address an abnormal monofilament foot test, although French previously had been treated for that condition with daily doses of Cymbalta and gabapentin.
>
> **Claim 3:** On March 20, 2019, French met with Ender about his diabetes, and French informed Ender that he has a history of seizures, which had

---

[1]  In April of 2018, a new version of Wis. Admin. Code § DOC ch. 310 went into effect, and the following citations are to that current version of the code.

been treated previously with medications. Ender failed to follow up about French's seizure history even though French directed Ender to the other institutions where he had received the medications.

**Claim 4:** On May 13, 2019, Hentz examined French, revealing pain and tenderness, but Hentz failed to consult with Dr. Liu about whether to prescribe French any medication, nor did Hentz provide French any medication to address his symptoms.

**Claim 5:** On May 14, 2019, Maassen did not respond to a grievance that French submitted complaining that he had submitted several HSR's complaining about the results of the x-ray, lower left back pain, and blood in his urine, and that the Tylenol that Dr. Liu had prescribed was not effective.

**Claim 6:** On May 20, 2019, French wrote to Buesgen, complaining that Maassen was not responding to his informal grievances and that he had submitted HSRs about his various health concerns. French also wrote that he had previously had seizures and had told Jackson HSU staff about them, but they were not treating him for that condition and he was suffering mini-seizures. Buesgen responded that he was not in the position to question medical staff.

**Claim 7:** On May 23, 2019, Tegels failed to respond to French's complaint about HSU staff Liu, Buesgen, and Maassen, adding that he had informed Ender about his history of taking seizure medication.

The State Defendants represent that between April and June of 2019, French submitted four inmate complaints. Here is now they were resolved:

**JCI-2019-7184:** On April 17, 2019, French submitted this inmate complaint, requesting to be moved to a different housing block because of the stress he was experiencing where he was housed. The ICE recommended dismissal of the inmate complaint because French had already been moved to a new housing unit. The reviewing authority agreed and dismissed the complaint. French did not appeal.

**JCI-2019-9435:** On May 24, 2019, French alleged that on May 20, 2019, he wrote to Buesgen about concerns about his health.  French raised several concerns:  on May 6, 2019, his kidney was x-rayed and although there was concern about a renal stone, he had not heard back; that he had informed staff upon his arrival at Jackson that he had a history of taking seizure medications at a jail and Stanley Correctional Institution; and that Maassen had not responded to his complaints about his health care.  The ICE met with Maassen about French's allegations and reviewed French's medical file.  The ICE determined that French received appropriate care and recommended dismissal, and the reviewing authority agreed and dismissed.  French appealed the dismissal, and the Office of the Secretary upheld the dismissal.

**JCI-2019-11639:** On July 2, 2019, French alleged that he submitted several grievances to Maassen about his health and Dr. Liu's treatment, and Maassen did not respond.  The ICE reviewed the inmate complaint and recommended dismissing it because Maassen was in the process of reviewing French's concerns.  French did not appeal the dismissal.

**JCI-2019-12479:** On July 16, 2019, French alleged that he submitted an HSR on July 8, 2019, complaining that he was throwing up blood, that Dr. Liu met within him on July 9, 2019, and she discontinued French's Xarelto prescription.  The ICE recommended dismissing the inmate complaint because French disagreed with his care, and the reviewing authority agreed and dismissed this inmate complaint.  French appealed the dismissal, and the dismissal was upheld.

The State Defendants and Liu argue that French failed to exhaust his administrative remedies with respect to Claims 1, 2, 3, 4 and 7.  Defendants do not seek summary judgment as to Claims 5 and 6, involving Maassen and Buesgen.

As to Claim 1, French raised a concern that Maassen failed to respond to a grievance filed March 12, 2019, in JCI-2019-11639.  Yet defendants argue that because French did not complain about Maassen's failure to respond until July 2, 2019, this inmate complaint was untimely.  However, untimeliness is not a ground to find non-exhaustion:  the ICE did not dismiss the inmate complaint on that ground; rather, dismissal was recommended because Maassen was reviewing French's records.  "Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (citing *Conyers*, 416 F.3d at 585; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)).  Nonetheless, undisputed that French did not appeal the dismissal, and proper exhaustion required French to follow every step of the administrative process, which included appealing the dismissal.  Accordingly, since it is undisputed that he failed to take that step, defendants have proved that French failed to exhaust this claim and it will be dismissed without prejudice.

Claim 2, related to Dr. Liu's alleged failure to prescribe medication after a March 20, 2019, diabetes foot exam, will also be dismissed without prejudice.  It is undisputed that French did not allege -- in any of the inmate complaints detailed above -- that Dr. Liu failed to prescribe him a medication following the March 20, 2019, examination.  Therefore, because French is not proceeding against Dr. Liu on any other claims, she will be dismissed from this lawsuit.

As to Claim 3, against defendant Ender for failing to take action on French's report of his history of a seizure disorder, the State Defendants have not met their burden.  They point out that French did not file this complaint until May 24, 2019, over two months after French

6

allegedly told Ender about his treatment at other institutions, on March 20, 2019.  Yet, similar to Claim 1, that inmate complaint was not dismissed for untimeliness; rather, it was resolved on the merits, so French's delay in submitting this inmate complaint does not establish he failed to exhaust this claim.

The State Defendants' other argument with respect to Claim 3 fails as well.  They argue that French's mere mention that he informed nursing staff about his prior treatment for seizures was not sufficiently clear to alert prison officials to his complaint.  *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  Although French did not name Ender specifically, Wisconsin's grievance procedures do not require inmates to specifically identify the prison officials involved.  Furthermore, French's complaint actually provided more information than the State Defendants acknowledge:  French alleged that when he arrived at Jackson on February 27, 2019, he was seen by nursing staff and informed them of receiving medications at two different institutions.  Those allegations -- providing the date of when he was seen and details about what he reported -- were precise enough to provide the ICE a starting point for an investigation.  As such, that is not a basis for non-exhaustion.  Because the State Defendants do not identify any other reason to conclude French failed to exhaust Claim 3 against Ender, their motion will be denied in this respect.

Claim 4 relates to Hentz's alleged failure to discuss French's pain and tenderness with Dr. Liu following a May 13, 2019, examination.  None of French's allegations suggest that he was complaining that HSU staff were not properly alerting French's primary care provider about his symptoms around that time.  As such, French failed to exhaust this claim, which will be dismissed without prejudice.  Hentz will also be dismissed from this lawsuit.

Finally, the State Defendants are entitled to judgment as to Claim 7.  It is undisputed that French did not complain that Warden Tegels failed to respond to his complaints about how HSU staff were handling his medical issues.  As such, this claim will be dismissed without prejudice, and Tegels will be dismissed from this lawsuit.

To summarize, the State Defendants are entitled to summary judgment as to Claims 1, 4, and 7, and Dr. Liu is entitled to summary judgment as to Claim 2.  As such, those Eighth Amendment claims will be dismissed without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*[A]ll* dismissals under § 1997e(a) should be without prejudice."), and defendants Liu, Hentz, and Tegels will be dismissed from this lawsuit.

## II.    **Motion to Compel**

French seeks an order compelling defendants to respond to his request for production of documents, which defendants oppose because French failed to attempt to resolve his disputes informally and because their responses to his requests were not deficient.  French's failure to meet this preliminary requirement is reason enough to deny this motion, but I will also deny it on the merits, since defendants' responses to his requests were not deficient.

*First,* French requested all of his medical records from February 2019 to December 2019.  Defendants objected to this request because there are over 2,100 pages of records from that time period and French has access to his medical records.  Also, defendants represent that in his request, French stated that he did not necessarily want defendants to produce copies of all those documents, just that he wanted to review them.  However, French never informed defense counsel that he was unable to view the records through the available channels at his

institution.  Because French appears to have the ability to access his medical records, I will not compel defendants to turn them over.

*Second*, French requested all policies, procedures, instructions, notes, memoranda, internal communications and directives concerning treatment of prisoners with seizures, neuropathy and acute distress.  Defendants responded to this request by:  producing four relevant DAI policies and an index of the DAI Policies index for medical care, and informing French that he could identify other relevant policies and request them.  Given that French has not suggested that defendants are refusing to provide other policies at his request, or that there are other documents responsive to this request that defendants have not produced, I see no basis to conclude defendants are withholding responsive documents.

*Third*, French requested documents concerning complaints other inmates lodged against the defendants in this lawsuit.  Defendants object because this request is overbroad, on relevance grounds because such evidence would be inadmissible under Federal Rule of Evidence 404(b), and because of the security concerns associated with providing inmates personnel information about prison employees.  However, defendants agree that French has a better argument for production if this case proceeds to trial, asking that I revisit this question at that point (if necessary) and conduct an in camera review of the responsive documents at that point for relevance.  Defendants' point is well taken:  French's current request is overbroad and he is entitled to pursue this theory if this case proceeds to trial.  Therefore, I will not require defendants to produce documents in response to this request at this time.

ORDER

IT IS ORDERED that:

1.  The State Defendants' motion for summary judgment (dkt. 29) is GRANTED in part and DENIED in part.  It is GRANTED with respect to plaintiff John French's Eighth Amendment claims against defendants Hentz and Tegels, who are dismissed from this lawsuit, and the Eighth Amendment claim against defendant Maassen, with respect the events that took place March 12, 2019.  It is DENIED with respect to French's Eighth Amendment claim against defendant Ender.

2.  Defendant Dr. Lily Liu's motion for summary judgment (dkt. 32) is GRANTED. Dr. Liu is DISMISSED from this lawsuit.

3.  Plaintiff John French's motion to compel (dkt. 40) is DENIED.


Entered this 19th day of March, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

10